﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 191223-52860
DATE: November 30, 2020

ORDER

Readjudication of the issue of entitlement to service connection for Sjogren’s syndrome is granted.

Readjudication of the issue of entitlement to service connection for bilateral flat feet (currently claimed as pes planus) is denied.

Readjudication of the issue of entitlement to service connection for asthma is denied.

Readjudication of the issue of entitlement to service connection for bilateral hearing loss is denied.

Readjudication of the issue of entitlement to service connection for a low back disability is denied.

Service connection for allergic rhinitis is granted.

Service connection for bilateral tinnitus is granted. 

REMANDED

Entitlement to service connection for Sjogren’s syndrome is remanded.

FINDINGS OF FACT

1. VA has received evidence since a final November 2017 rating decision that denied service connection for Sjogren’s syndrome that was not previously part of the actual record before agency adjudicators and includes information that tends to prove or disprove the claim.

2. VA has not received evidence since a final November 2017 rating decision denying service connection for bilateral flat feet that was not previously part of the actual record before agency adjudicators and includes information that tends to prove or disprove the claim.

3. VA has not received evidence since a final September 2018 rating decision denying service connection for asthma that was not previously part of the actual record before agency adjudicators and includes information that tends to prove or disprove the claim.

4. VA has not received evidence since a final September 2018 rating decision denying service connection for bilateral hearing loss that was not previously part of the actual record before agency adjudicators and includes information that tends to prove or disprove the claim. 

5. VA has not received evidence since a final February 2017 rating decision denying service connection for a low back disability that was not previously part of the actual record before agency adjudicators and includes information that tends to prove or disprove the claim.

6. The Veteran’s allergic rhinitis is etiologically related to active service.

7. Affording the Veteran the benefit of the doubt, his bilateral tinnitus is etiologically related to his active service.

CONCLUSIONS OF LAW

1. The criteria for readjudication of the Veteran’s claim for service connection for Sjogren’s syndrome are met. 38 U.S.C. §§ 5108, 7105(c); 38 C.F.R. §§ 3.156(d), 3.2501, 20.203, 20.1103. 

2. The criteria for readjudication of the Veteran’s claim for service connection for bilateral flat feet are not met. 38 U.S.C. §§ 5108, 7105(c); 38 C.F.R. §§ 3.156(d), 3.2501, 20.203, 20.1103. 

3. The criteria for readjudication of the Veteran’s claim for service connection for asthma are not met. 38 U.S.C. §§ 5108, 7105(c); 38 C.F.R. §§ 3.156(d), 3.2501, 20.203, 20.1103. 

4. The criteria for readjudication of the Veteran’s claim for service connection for bilateral hearing loss are not met. 38 U.S.C. §§ 5108, 7105(c); 38 C.F.R. §§ 3.156(d), 3.2501, 20.203, 20.1103. 

5. The criteria for readjudication of the Veteran’s claim for service connection for a low back disability are not met. 38 U.S.C. §§ 5108, 7105(c); 38 C.F.R. §§ 3.156(d), 3.2501, 20.203, 20.1103. 

6. The criteria for service connection for allergic rhinitis are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

7. The criteria for service connection for bilateral tinnitus are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from January 1989 to January 1992 and from January 7, 2002 to February 23, 2002. He also had periods of active duty for training (ACDUTRA), to include from May 1, 1992, to May 9, 1992; from July 13, 1997, to July 27, 1997; from September 13, 1997, to September 27, 1997; from June 13, 1998, to June 27, 1998; and from July 21, 2001, to August 2, 2001.

In the November 2019 AMA decision, the Agency of Original Jurisdiction (AOJ) found that new and relevant evidence was received sufficient to warrant readjudication of the claim for service connection for allergic rhinitis. The Board of Veteran’s Appeals (Board) is bound by this favorable finding. 38 C.F.R. § 3.104(c).

The issue of entitlement to service connection for tinnitus was originally denied in a February 2017 rating decision. However, the Veteran continued to prosecute this appeal. Although it was denied again in November 2017 and September 2018 rating decisions, and the November 2019 AMA rating decision declined to readjudicate it, new and relevant evidence was received in August 2019 and in February 2018 which prevented the February 2017 legacy rating decision from becoming final. As such, a discussion of new and relevant evidence is not needed for the Board to decide this claim. 

The Board has recharacterized the issues on appeal as above to better reflect the Veteran’s assertions.

New and Relevant Evidence

VA will readjudicate a claim if new and relevant evidenced is presented or secured. 38 C.F.R. § 3.156(d). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. 38 C.F.R. § 3.2501(a)(1). In determining whether new and relevant evidence is presented or secured, VA will consider any VA treatment records reasonably identified by the claimant and any evidence received by VA after VA issued notice of a decision on the claim and while the evidentiary record was closed. 38 C.F.R. § 3.2501.

New evidence is evidence not previously part of the actual record before agency adjudicators. Relevant evidence is information that tends to prove or disprove a matter at issue in a claim. Relevant evidence includes evidence that raises a theory of entitlement that was not previously addressed. Id. at (a)(1).

Sjogren’s syndrome

The evidence of record since the November 2017 rating decision contains VA treatment records dated December 2017 and August 2018 which show that the Veteran either has a diagnosis, or a possible diagnosis, of Sjogren’s syndrome. These treatment records were not previously of record and may prove or disprove the current disability element of the claim for service connection for Sjogren’s syndrome, a requirement of the claim which was lacking in the prior final denial. Thus, readjudication of this claim is warranted.

Bilateral flat feet 

The evidence of record since the November 2017 rating consists of duplicates of records which were already of record at the time of the November 2017 rating decision, or which are related to distinctly different claims. There is simply no new and relevant evidence as it pertains to the claim for service connection for bilateral flat feet added to the record since the November 2017 rating decision. Therefore, the Veteran’s request for readjudication is denied. 

Asthma

The evidence of record since the September 2018 rating consists of updated VA treatment records which contain evidence that the Veteran is being treated for asthma, which is not new information, as it is merely duplicative evidence of the ongoing treatment for asthma which was of record at the time of the September 2018 rating decision. 

Further, the Veteran submitted a Disability Benefits Questionnaire (DBQ) for asthma dated June 2019, which was completed by the same physician (who is notably an ophthalmologist, not a respiratory specialist) who had completed the January 2018 asthma DBQ, which was of record at the time of the September 2018 rating decision. The June 2019 asthma DBQ is nearly identical to the January 2018 DBQ, but does note that the provider had reviewed different records, all of which were of record at the time of the prior decision. 

Thus, this additional information is duplicative of evidence already of record at the time of the September 2018 rating decision and is not new evidence. Further, no other evidence submitted since the September 2018 rating decision is new and relevant to the claim of service connection for asthma. Therefore, with respect to this issue, the evidence submitted since the September 2018 final denial is not new and relevant, and the Veteran’s request for readjudication is denied. 

Bilateral hearing loss

The evidence of record since the September 2018 rating decision includes an August 2019 statement from the Veteran that he had been informed in August 2016 that he had bilateral hearing loss and has been wearing hearing aids since that time. This information was contained in the VA treatment records at the time of the September 2018 rating decision. Thus, it is not new. Further, no other evidence submitted since the September 2018 rating decision is new and relevant to the claim of service connection for bilateral hearing loss. Therefore, with respect to this claim, the evidence received since the September 2018 final denial is not new and relevant, and the Veteran’s request for readjudication is denied. 

Low back disability

The evidence of record since the February 2017 rating decision does not contain any new evidence relevant to the Veteran’s claim for service connection for a low back disability. There are treatment records showing continued pain and a lower back disability, which is evidence already of record at the time the February 2017 rating decision was issued. Thus, the additional evidence is not new. Further, no other evidence received since the February 2017 rating decision is new and relevant to the claim of service connection for a low back disability. Thus, with respect to this claim, the evidence received since the February 2017 final denial is not new and relevant, and the Veteran’s request for readjudication is denied. 

Service Connection

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. Service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004). Furthermore, a layperson is competent to report on the onset and continuity of his or her current symptomatology. Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a veteran is competent to report on that of which he or she has personal knowledge).

Under the Appeals Modernization Act, favorable findings made by the AOJ are binding on the Board of Veterans’ Appeals (Board) absent clear and convincing evidence to the contrary and will not be discussed at length in this decision. 38 C.F.R. § 3.104(c).

Allergic rhinitis

The Veteran seeks service connection for allergic rhinitis. In the November 2019 AMA decision, the AOJ noted that its favorable findings regarding this claim included a finding that the Veteran has a current diagnosis of allergic rhinitis and that a nexus had been established linking this condition to service. The AOJ referenced the fact that the Veteran provided a DBQ from his private ophthalmologist who linked this condition to the Veteran’s service. 

The AOJ appeared to have denied this claim in the November 2019 AMA decision because the Veteran’s service treatment records did not show treatment for, or a diagnosis of, this condition. Regardless, in the same decision, the AOJ formally found that a nexus had been established between the claimed disability and an in service event or injury. The Board is bound by the favorable findings. 38 C.F.R. § 3.104(c). Thus, the elements of service connection for allergic rhinitis have been met. In light of the AOJ’s favorable findings, there is no issue left to discuss. Service connection for the Veteran’s allergic rhinitis is warranted. 

Tinnitus

In the November 2019 AMA decision, the AOJ favorably found that the Veteran had a current diagnosis of tinnitus, which was linked to the nonservice-connected bilateral hearing loss. As such, the current disability prong of this claim for service connection has been met. 

The Veteran has submitted multiple written lay statements detailing how he began experiencing symptoms of ringing in his ears in service after being around machine gun fire and tank engines. The ringing would last for days at times. After service, the ringing continued to come and go at least twice a week and has worsened over time to where it is now constant in both ears. 

The Board acknowledges that a January 2017 VA examiner opined against service connection for the Veteran’s bilateral tinnitus. While the Board cannot ignore or disregard the VA examiner’s medical conclusions [Willis v. Derwinski, 1 Vet. App. 66 (1991)], the Board is free to assess medical evidence and is not compelled to accept a medical opinion. Wilson v. Derwinski, 2 Vet. App. 614 (1992). Here, the negative nexus opinion was rendered based on the examiner’s conclusion that the Veteran’s tinnitus was related to his hearing loss, for which he was not service-connected because a post-service audiological evaluation evidenced no hearing loss for VA purposes. As such, the examiner ignored the Veteran’s competent lay statements regarding the history of his tinnitus symptoms and their onset, which he had told to the examiner as having begun in service. Thus, as the examiner did not consider the Veteran’s probative factual assertions, the Board affords little probative weight to this opinion.

In this case, the Veteran has sufficiently asserted experiencing symptoms of his tinnitus since active service. The Board has no reason to question the credibility of the Veteran’s statements. Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). As such, his statements are probative competent evidence regarding the onset of his tinnitus, and the evidence supporting service connection is at least in equipoise. Affording him the benefit of the doubt, service connection is warranted for his bilateral tinnitus, as it is a condition for which he has been experiencing since service.

REASONS FOR REMAND

Service connection for Sjogren’s syndrome

This issue is remanded to correct a duty to assist error that occurred prior to the November 2019 AMA decision being issued by the Regional Office (RO). The treatment records are unclear as to whether the Veteran actually has a diagnosis of Sjogren’s syndrome. For example, a December 2017 record states that the Veteran has been diagnosed with Sjogren’s syndrome, but a subsequent August 2018 record states that the Veteran had possible Sjogren’s syndrome. Further, because the Veteran exhibited symptoms of dry eyes in service, a possible symptom of Sjogren’s syndrome, he should have been afforded a VA examination to determine the nature and etiology of this condition. Such examination was not given, and this constitutes a duty to assist error. 

In this regard, the Board notes that service connection has already been granted for dry eye syndrome. However, Sjogren’s syndrome is manifested by symptoms in addition to dry eyes. As such, a grant of service connection for dry eye syndrome does not preclude a possible grant of service connection for Sjogren’s syndrome, despite the 2019 AMA decision having rendered a favorable finding alluding to the Veteran already being service-connected for symptoms of the disease he seeks to service connect. Accordingly, this matter is, therefore, REMANDED for the following action:

Schedule the Veteran for an appropriate VA examination to determine the nature and etiology of his claimed Sjogren’s syndrome. The examiner should review the entire claims file, conduct all necessary tests and studies, and determine whether the Veteran has a diagnosis of Sjogren’s syndrome. 

If the examiner is unable to diagnose the Veteran with Sjogren’s syndrome, he or she should explain why the Veteran’s treatment records show at times he was considered as having been diagnosed with the syndrome. 

If the examiner finds that the Veteran does have a diagnosis of Sjogren’s syndrome, he or she should render the following opinion:

Is it at least as likely as not (i.e., 50 percent probability or greater) that the diagnosed Sjogren’s syndrome onset in, or is otherwise related to, the Veteran’s service or any incident therein, to include specifically his complaints of dry eyes in service?

The examiner is advised that the Veteran is competent to report his symptoms/history and that such reports must be acknowledged and considered in formulating any opinion. If his reports are discounted, the examiner should provide a reason for doing so. 

A rationale for all requested opinions shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or the fact that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question. 

 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Davidoski, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.